Merrimack,
No. 4851.

VERA B. VAN RENSSELAER *v.* CHARLES A. VAN RENSSELAER, JR.

Argued September 8, 1960.

Decided October 4, 1960.

24

*Nelson, Winer & Lynch (Mr. Winer* orally), for the plaintiff.

*Orr & Reno* and *John W. Barto (Mr. Barto* orally), for the defendant.

WHEELER, J. Authority to grant separate maintenance in this state is of statutory origin and exists only in those situations set forth in the statute (RSA 458:31) which provides: " . . . whenever a cause is in existence which is, or if continued will be, a cause for divorce, the superior court, upon petition and such procedure thereon as in divorce cases, may restrain either party from interfering with the personal liberty of the other and from entering the tenement wherein the other resides, may grant temporarily or permanently the custody, care, education and maintenance of their minor children, if any, and may make reasonable allowance for support, all subject to such limitations and conditions as the court shall deem just."

While this statute provides no special jurisdictional requirements it does require that "in order to qualify as misconduct which either is or, if continued, will be a cause for divorce, the misconduct must have occurred or must be in the process of accruing into a cause for divorce *while the plaintiff is domiciled in this state.*" (Emphasis supplied). *Eckstrom* v. *Eckstrom,* 98 N. H. 177, 179.

The question thus presented is whether there was evidence to support the finding of the Court that the plaintiff was not domiciled in this state at the time of the filing of the petition. The answer to this question depends upon whether the evidence warranted a finding that the plaintiff had no intention of actually making her home here after May 17, 1957. *Sworoski* v. *Sworoski,* 75 N. H. 1, 2.

There is nothing in the statute, *supra,* which requires the

domicile of the plaintiff to be in this state merely because of the marriage relationship. Under appropriate circumstances, a wife may acquire a separate domicile. *Payson* v. *Payson*, 34 N. H. 518; *Hopkins* v. *Hopkins*, 35 N. H. 474; *Eckstrom* v. *Eckstrom, supra*.

The sum total of the several meetings between the parties when they resumed marital relations, whether in Jericho, New York, or in Hopkinton, was less than thirty days. Furthermore the plaintiff regularly filed her federal income tax returns in New York as well as the New York income tax returns. She has filed no New Hampshire interest and dividends tax return, nor has she paid a poll tax, or voted in this state. On May 13, 1957, she executed a will in this state reciting that she was of Jericho. There was evidence from which it could be found that the parties finally separated by mutual agreement.

The plaintiff, relying upon *Masten* v. *Masten*, 15 N. H. 159, contends that it must be ruled as a matter of law that the plaintiff's domicile was in this state at the time of the filing of her petition. The *Masten* case is distinguishable since the parties there had lived together in this state for some seventeen years and the wife left the state temporarily in order to support herself and children. The court said that under these circumstances she had a right to claim domicile here.

We are of the view considering all the circumstances of this case that the evidence warranted although it did not compel a finding that the plaintiff did not have a domicile in this state for the purpose of bringing these proceedings.

*Exceptions overruled.*

KENISON, C. J. and BLANDIN, J., concurred specially; the others concurred.

KENISON, C. J., *concurring specially*: I concur in this opinion solely because the result is dictated by RSA 458:31 as construed in *Eckstrom* v. *Eckstrom*, 98 N. H. 177. However the result is unfortunate and points up to the Bar the desirability of legislative consideration and change in order to eliminate the wife's domicile as a jurisdictional requirement in seeking separate maintenance in this state. Not only does the *Eckstrom* decision represent a distinct minority view (anno. 36 A. L. R. 2d 1369) but it is presently out of harmony with more recent statutes which allow marital support to be enforced without the requirement of domicile on the part of

the wife. Uniform Reciprocal Enforcement of Support Act. RSA ch. 546 (supp), Laws 1959, *c.* 271; Uniform Civil Liability for Support Act, RSA ch. 546-A (supp), Laws 1955, *c.* 206; RSA 460:23 (supp), Laws 1959, *c.* 5; *State* v. *Echavarria,* 101 N. H. 458. New Hampshire will continue in part to be a jurisdictional haven for husbands avoiding marital support unless this requirement of the wife's domicile is eliminated under RSA 458:31.

BLANDIN, J., joined in the concurring opinion.